UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZHIPENG LU,

      Petitioner,

    v.

SERGIO ALBARRAN, et al.,

      Respondent.

No.  1:26-cv-00395-DAD-AC

ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING AS MOOT

(Doc. Nos. 1, 2)

On January 19, 2026, petitioner Zhipeng Lu filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release or an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).  (Doc. No. 2.)  On January 20, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release, and *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL

1

3485221 (E.D. Cal. Dec. 4, 2025), in which the court concluded that previously releasing the petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C. § 1226(a).

On January 22, 2026, respondents filed their opposition. (Doc. No. 9.) Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina* and *O.A.C.S.* (*Id.* at 2.) Respondents also state that they do not oppose converting the temporary restraining order to a motion for preliminary injunction. (*Id.* at 1.) Further, respondents suggest that "if the court is inclined to grant a preliminary injunction, judicial economy counsels that the court should . . . enter a final judgment granting the petition for writ of habeas corpus on the merits." (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on or about September 14, 2023, and was apprehended. (Doc. No. 1-2 at 9.) Petitioner was released on his own recognizance on or about September 15, 2023, pursuant to 8 U.S.C. § 1226. (*Id.* at 10.) Petitioner was also issued a Notice to Appear for removal proceedings dated September 13, 2023, in which he was charged with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* at 1.) Petitioner alleges he was re-detained by ICE on June 25, 2025. (Doc. No. 1 at 5.)

Because respondents have conceded that this case is not substantively distinct from the court's prior orders in *Ayala Cajina* and *O.A.C.S.*, the court incorporates and adopts the reasoning set forth in those orders and finds that petitioner's continued detention violates due process.

/////
/////
/////
/////
/////
/////
/////

2

Accordingly, for the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows;

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his detention on June 25, 2025; and

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as moot;

3. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **January 23, 2026**                   _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3